STATE EX REL. COUNSEL FOR DIS. v. WHITE          925
Cite as 289 Neb. 925

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
Douglas D. White, respondent.

___ N.W.2d ___

Filed January 16, 2015.    No. S-14-089.

Original action. Judgment of disbarment.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by Douglas D. White, respondent, on October 31, 2014. The court accepts respondent's voluntary surrender of his license and enters an order of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 20, 2001. Formal charges were filed against respondent on January 31, 2014.

On October 31, 2014, respondent filed a voluntary surrender of his license, in which he stated that he has received the formal charges that have been filed against him. He also stated that he is currently an inactive member of the Nebraska State Bar Association and that he has not paid his mandatory dues for 2014. In the voluntary surrender, respondent stated that he does not challenge or contest the truth of the allegations being made against him. He further stated that he freely, knowingly, and voluntarily waived his right to notice, appearance, or hearing prior to the entry of an order of disbarment and consented to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

 (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a

member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent has stated that he freely, knowingly, and voluntarily admits that he does not contest the allegations being made against him. The court accepts respondent's voluntary surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.